IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| USAA CASUALTY INSURANCE CO. | NO. 3:12-CV-1178 |
| v. | JUDGE CONNER |
| METROPOLITAN EDISON CO. | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION
## ON MOTION TO DISMISS
### (Doc. 14)

Plaintiff, USAA Casualty Insurance Co., as subrogee of Joan Sonnen, filed a complaint on June 20, 2012 (Doc. 1) and thereafter filed an amended complaint on August 1, 2012 (Doc. 10). The amended complaint brings claims for negligence (Count I) and willful and wanton misconduct (Count II) in connection with fire that allegedly occurred as the result of a power surge on November 17, 2010. Named as defendant is Metropolitan Edison Co. ("Met-Ed"). This court has jurisdiction over the matter under 28 U.S.C. §1332(a).

Before the court is Met-Ed's motion to dismiss.[1] The motion has been referred to the undersigned for a report and recommendation (Doc. 22), and is now ripe for disposition.

---

[1] Met-Ed filed the motion to dismiss on August 20, 2012 (Doc. 14), along with a supporting brief (Doc. 15). USAA filed a brief in opposition to the motion on September 4, 2012 (Doc. 19) to which Met-Ed filed a reply brief on September 11, 2012. (Doc. 21).

**FINDINGS AND RECOMMENDATIONS**

## I. Background

For purposes of the motion to dismiss, the USAA's factual averments in its amended complaint will be accepted as true:

Joan Sonnen had a property insurance policy, No. 007857517, through USAA for her residence in Manchester, Pennsylvania. (Doc. 10, ¶¶ 5, 6). Met-Ed is engaged in the business of suppling and delivering electrical power. (*Id*. ¶ 7). On November 17, 2010, a fire occurred at Sonnen's residence as a result of an electrical malfunction to electrical equipment. (*Id*. ¶¶ 8, 9). The amended complaint avers that the electrical malfunction was caused "by power surges and voltage imbalances resulting from a failure of the electrical services . . . which . . . remained in the control of Met-Ed." (*Id*. ¶ 10).

The fire caused damage to the premises in excess of $239,559.00, and USAA made payments to Sonnen in that amount pursuant to its contractual obligations. (*Id*. ¶¶ 11, 12). The present action followed. USAA now seeks to recover that sum, asserting Met-Ed breached its duty of care owed to the insured. It thus seeks monetary damages of $239,559.00 plus interest and costs.

## II. Issues Presented

Met-Ed seeks dismissal on the following grounds:

    A.    Dismissal of Count II is proper because USSA has failed to state a claim upon which relief can be granted.

    B.    Met-Ed's tariff limits Met-Ed's liability, if any, to $500.00, thus depriving this court of subject matter jurisdiction pursuant to Rule 12(b)(1).

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. When considering a motion to dismiss, the court must "accept all [of plaintiff's] factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). *See also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1322–23 (2011).

The complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*,

131 S. Ct. 1289, 1296 (2011)(citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 545 (citations omitted). Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at 570. *See also Phillips,* 515 F.3d at 232.

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (*citing Twombly*, 550 U.S. at 557–58).

The Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "'plausible claim for relief.'" *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1950). That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. *Id.* at 211.

## IV. Discussion

### (A) Count II

Met-Ed seeks dismissal of Count II, asserting USAA has failed to state sufficient facts in support of its claim for willful and wanton misconduct, amounting to gross negligence.  Specifically, Count II of the amended complaint states:

19.   MetEd owed duties of care to Plaintiff's insured, and MetEd breached those duties resulting in damages sustained by Plaintiff that were caused by the gross negligent, willful and/or wanton behavior of MetEd as follows:

(a)   Willfully and/or wantonly failing to properly and safely install the electrical service and components that provided electricity to the subject premises;

(b)   Willfully and/or wantonly failing to properly and safely maintain the electrical service and components that provided electricity to the subject premises;

(c)   Willfully and/or wantonly failing to properly and safely inspect the electrical service and components that provided electricity to the subject premises;

(d)   Willfully and/or wantonly failing to properly and safely repair the electrical service and components that provided electricity to the subject premises;

(e)   Willfully and/or wantonly failing to provide proper fusing and overcurrent protection for electrical service that provided electricity to the subject premises;

(f)     Willfully and/or wantonly continuing to provide electrical service to the subject premises when it knew or should have known of dangerous conditions within the electrical distribution center that provided electricity to the subject premises;

(g)     Willfully and/or wantonly failing to properly train, instruct and monitor its agents, workmen and employees;

(h)     Willfully and/or wantonly failing to properly protect against, and respond to, a lost and/or open neutral within the electrical distribution system that provided electricity to the subject premises;

(i)     Willfully and/or wantonly violating applicable codes, standards or practices and regulations regarding the installation, maintenance, inspection, repair and servicing of electrical distribution systems and equipment; and

(j)     Willfully and/or wantonly supplying, conveying selling, transmitting, distributing, delivering and/or transporting electricity in an unsafe manner that presented an unreasonable risk of harm.

(Doc. 10). Met-Ed contends that such bare allegations fail to meet the pleading requirements announced in *Iqbal* and *Twombley*.

The Pennsylvania Superior Court has stated:

Gross negligence is defined, *inter alia*, as a lack of slight diligence or care, or a conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party, who may typically recover exemplary damages . . . Gross negligence has also been described as the want of even scant care and the failure to exercise even that care which a careless person would use. (citations omitted).

*Hart v. O'Malley*, 781 A.2d 1211, 1218 (Pa. Super. Ct. 2001). It has also been defined as "a want of even scant care, but something less than intentional indifference to consequences of actions[,]" *Fid. Leasing Corp. v. Dun & Bradstreet, Inc.*, 494 F.Supp. 786, 790 (E.D.Pa.1980), or as "a failure to perform a duty in reckless disregard of the consequences or with such want of care and regard for the consequences as to justify a presumption of willfulness of wantonness." *RoyalIndem. Co. v. Sec. Guards, Inc.*, 255 F.Supp.2d 497, 505 (E.D.Pa.2003) (quoting *Williams v. State Civil Serv. Comm'n*, 9 Pa.Cmwlth. 437, 306 A.2d 419, 422 (Pa. Commw. Ct.1973)). Thus, gross negligence demands a finding of an extreme departure from ordinary care. *Id.* Although the question of whether the movants acted with gross negligence will generally be a question of fact, a court may decide the issue as a matter of law where no reasonable jury could find gross negligence. *Albright v. Abington Mem'l Hosp.*, 696 A.2d 1159, 1164–65 (Pa.1997).

The Pennsylvania Supreme Court has defined reckless or wanton misconduct in the following manner:

> "The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that

such risk is substantially greater than that which is necessary to make his conduct negligent."

*Martin v. Johns-Manville Corp.*, 508 Pa. 154, 494 A.2d 1088, 1096-97 (Pa.1985).

The amended complaint asserts, *inter alia*, that the fire resulted from a failure of the electrical service and/or equipment, which was in the control of Met-Ed. The allegations of the amended complaint lists various ways that Met-Ed acted, or failed to act, in a manner that could constitute willful and/or wanton misconduct. If, as the amended complaint contends, Met-Ed: failed to properly install, maintain, inspect or repair the electrical service and/or equipment; provide proper overcurrent protection; properly train and monitor its agents; violated applicable codes or practices; continued to provide electrical service when it knew or should have known of dangerous conditions; and/or provided electrical service in a manner that posed an unreasonable risk of harm, such conduct could, plausibly, establish willful and/or wanton misconduct to permit recovery on Count II.

Discovery may, or may not, establish how, precisely, the alleged power surge which caused the fire occurred. Therefore, whether the acts or omissions of Met-Ed rise to the level of willful and/or wanton misconduct may be fleshed out through the course of discovery. At this stage of the case, USAA pleadings are

sufficient to support a claim on Count II that the acts or omissions of Met-Ed were willful or wanton. Consequently, the motion to dismiss should be denied thereon.

*(B) Tariff Limits*

A tariff is a set of operating rules imposed by the State that a public utility must follow if it wishes to provide services to customers. *PPL Elec. Utilities Corp. v. Pennsylvania Public Utility Comm'n*, 912 A.2d 386, 402 (Pa. Commw. Ct. 2006). Public utility tariffs have the force and effect of law, and are binding on the customer as well as the utility. *Id*. (citing *Pennsylvania Electric Co. v. Pennsylvania Public Utility Comm'n*, 663 A.2d 281, 284 (Pa. Commw. Ct. 1995)).

Met-Ed asserts that the tariff in effect at the time of the fire limits recovery of damages to $500.00 and, consequently, this action fails to meet the requirements for jurisdiction under §1332(a) by involving an amount-in-controversy greater than $75,000.00.[2] However, the tariff provides an exception to

---

[2] The Tariff provides, in relevant part:

> [U]nless caused by willful and or wanton misconduct of the Company [Met-Ed], the liability of the Company to Customers or third parties for all injuries and damages . . .caused by various interruptions in electrical supply, high or low voltage, spikes, surges, single phasing, phase failure or reversal, stray voltage, neutral to earth voltage, equipment failure or malfunction, response time to electrical outages and emergencies . . . shall be limited to Five Hundred Dollars ($500) for residential customers[.]

([Doc. 15](), Ex. A)

this limitation for acts or omissions constituting willful and/or wanton misconduct. Accordingly, any such conduct by Met-Ed would bar the enforcement of the tariff limitation.

Met-Ed's argument is premised upon the failure of USAA to state a claim as to Count II. Having concluded that USAA has pled sufficient facts to support a claim for willful and wanton misconduct, if USAA were to establish such behavior on the part of Met-Ed, a recovery would not be subject to the tariff limit of $500.00. Because it is plausible that such a showing may be made, it cannot be concluded, with certainty, that a recovery in this action would fall below the jurisdictional threshold required for this court to have jurisdiction under §1332(a). Consequently, because USAA has states facts plausible to establish a claim for willful and wanton misconduct, its relief may not be subject to the tariff limitation. The motion to dismiss should, therefore, be denied on this issue.

## V. Recommendation

Based on the foregoing, it is respectfully recommended that the motion to dismiss (Doc. 14) be denied.

Signed December 17, 2012.

_____

MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE