# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **USAA CASUALTY INSURANCE COMPANY**, *as subrogee of Joan Sonnen*, | : | Civil Action No. 1:12-CV-1178 |
|     **Plaintiff** | : | |
| | : | **(Judge Conner)** |
|     v. | : | |
| **METROPOLITAN EDISON COMPANY**, | : | |
|     **Defendant** | : | |
|     v. | : | |
| **METROPOLITAN EDISON COMPANY**, | : | |
|     **Third-Party Plaintiff** | : | |
|     v. | : | |
| **JOAN SONNEN, SQUARE D COMPANY, and SCHNEIDER ELECTRIC, USA**, | : | |
|     **Third-Party Defendants** | : | |

## **MEMORANDUM**

Presently before the court in the above-captioned matter is plaintiff USAA Casualty Insurance Company's ("USAA") motion to strike (Doc. 40) the third-party complaint of defendant Metropolitan Edison Company ("MetEd"). The matter has been fully briefed, and is ripe for disposition. For the reasons to be discussed, the motion to strike will be granted.

I.  **Factual and Procedural Background**

USAA has moved to strike MetEd's third-party complaint as against Joan Sonnen, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 14(a)(4), for failure to state a claim upon which relief can be granted.

At all times relevant to the instant dispute, USAA insured property owned by Sonnen located at 430 Maple Street, Manchester, Pennsylvania ("the property"). MetEd provides electrical service in and around York, Pennsylvania, and was Sonnen's electrical provider. On November 17, 2010, a fire occurred at the property, causing significant damage to both the structure and its contents. Pursuant to its contractual obligations, USAA compensated Sonnen for the damage in the amount of $239,559.55, becoming equitably and contractually subrogated to any claim she may have against MetEd to the extent of USAA's payments.

USAA brought claims of negligence and gross negligence against MetEd. In its first amended complaint, USAA alleges that the fire was caused by MetEd's negligent failure to, among other things, properly maintain the electrical equipment in and around the property, train its workmen, and follow applicable standards and regulations. (See generally, First Amended Complaint, Doc. 10 at ¶ 16). MetEd denied its liability in an answer filed January 24, 2013 (Doc. 36), and on the same day filed a third-party complaint against Sonnen, alleging that the fire was caused by her negligent failure to maintain the wiring on the premises and to comply with the National Electric Code. (Doc. 37 at ¶ 18). MetEd argues that Sonnen is jointly and severally liable for the damages, or in the alternative, seeks from her

2

indemnification and contribution. USAA moved to strike MetEd's third-party complaint on February 14, 2013.

## II. Discussion

The court has jurisdiction over the instant matter because the parties are completely diverse of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1). A federal court sitting in diversity is obliged to apply the substantive law of the forum state, which in this case is Pennsylvania. Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

Rule 14(a)(4) provides that "any party" may move to strike a third-party claim. USAA argues that MetEd's complaint against Sonnen fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Accordingly, the court will "accept all well-pleaded facts in the complaint as true and view them in the light most favorable" to the plaintiff, in this case MetEd as third-party plaintiff. Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).

USAA brings this action as subrogee of Sonnen. "The basic idea of subrogation is that of substituting the insurance carrier for the insured in the insured's action against a third party." U.S. Fire Ins. Co. v. Royal Ins. Co., 759 F.2d 306, 309 (3d Cir. 1985) (citing Anderson v. Borough of Greenville, 273 A.2d 512, 514 (Pa. 1971)). An insurance company that has paid a claim "stand[s] in the shoes" of its insured, and may assert the insured's rights against the alleged tortfeasor. Wasau Underwriters Ins. v. Shisler, Civ. A. No. 98-5145, 1999 WL 529250, at *3 (E.D.

Pa. July 21, 1999). A subrogee is "placed in the precise position of the one to whose rights he has been subrogated," and can recover only to the extent that the subrogor could recover. Brinkley v. Pealer, 491 A.2d 894, 898 (Pa. Super. 1985).

USAA argues that the third-party complaint must be dismissed because, as subrogee, it is subject to any affirmative defenses that MetEd would have against Sonnen had she been the plaintiff in this litigation. USAA directs the court's attention to two cases from our sister districts that have addressed the circumstance presented here – i.e., where a defendant attempts to join a subrogor through a third-party complaint. In Wasau Underwriters Insurance v. Shisler, the Eastern District of Pennsylvania observed that an insurer cannot subrogate against its own insured, and accordingly reasoned that any finding of responsibility on the part of the subrogors would not create a right of recovery in the subrogee, but rather would "merely serve to eliminate or reduce" the subrogee's right to recover from the defendant. 1999 WL 529250, at *4 (citing Magner v. Assoc. Ins. Companies, Inc., Civ. A. No. 93-1932, 1994 WL 570178 (E.D. Pa. Oct. 17, 1994)). Therefore, the third-party complaint against the subrogors failed to state a claim upon which relief could be granted. A similar result obtained in National Fire Insurance Co. of Hartford v. Daniel J. Keating Co., 35 F.R.D. 137 (W.D. Pa. 1964), where the court held that a "subrogee[] stand[s] in the shoes of the insureds and [is] subject to all defenses which the original defendant would have if the actions were brought by the insureds themselves." Id. at 139. Therefore, it was improper to join the

4

insureds as third-party defendants because the contributory negligence of the insureds could be asserted as a defense against the insurer. Id. at 139-40.

National Fire Insurance and Wasau are soundly reasoned, and MetEd offers no valid reason for court to ignore their guidance. MetEd suggests that its complaint against Sonnen should be allowed to proceed because it seeks damages from her pursuant to a contractual indemnity provision. This argument is a non sequitur. MetEd cites a clause in its contract with Sonnen that states:

> The Customer agrees to indemnify and save harmless . . . [MetEd] from any liability which may arise as a result of the presence or use of the Company's electric service or property, defects in wiring or devices on the Customer's premises, or the Customer's failure to comply with the National Electric Code.

(Doc. 37-4 at 1). Indemnification "presumes an obligation to *a third party* that triggers the indemnitor's obligation to the indemnitee." Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Assoc., Inc., 137 Fed. App'x 464, 467 (3d Cir. 2005) (emphasis added). In the instant matter, USAA is not a third party to whom Sonnen could be primarily liable; rather, the relationship between Sonnen and USAA is that of subrogor and subrogee. Under Pennsylvania law, a subrogee steps into the shoes of the subrogor for purposes of asserting the subrogor's rights against a defendant. As USAA correctly observes, the instant action proceeds, with respect to any claims or defenses, as if Sonnen were suing MetEd herself. In filing its third-party complaint, MetEd is essentially seeking from Sonnen indemnification for damages done to Sonnen. Any affirmative defense that MedEd has arising out of

5

Sonnen's conduct must be asserted against USAA, rather than against Sonnen. Accordingly, the third-party complaint fails to state a claim against Sonnen.

### III. <u>**Conclusion**</u>

MetEd's third-party complaint against Sonnen fails to state a claim upon which relief can be granted, and therefore USAA's motion to strike will be granted. An appropriate order will issue.

<u>S/ Christopher C. Conner</u>  
CHRISTOPHER C. CONNER  
United States District Judge

Dated: May 31, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **USAA CASUALTY INSURANCE COMPANY**, *as subrogee of Joan Sonnen*, | : | Civil Action No. 1:12-CV-1178 |
| Plaintiff, | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| **METROPOLITAN EDISON COMPANY**, | : | |
| Defendant, | : | |
| v. | : | |
| **METROPOLITAN EDISON COMPANY**, | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| **JOAN SONNEN, SQUARE D COMPANY, and SCHNEIDER ELECTRIC, USA,** | : | |
| Third-Party Defendants | : | |

## **ORDER**

AND NOW, this 31st day of May, 2013, upon consideration of plaintiff USAA Casualty Insurance Company's motion to strike (Doc. 40) the third-party complaint of defendant Metropolitan Edison Company as to defendant Joan Sonnen, and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that the motion is GRANTED.

                                                                                 S/ Christopher C. Conner  
                                                                                 CHRISTOPHER C. CONNER  
                                                                                 United States District Judge