IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **USAA CASUALTY INSURANCE COMPANY**, a/s/o **JOAN SONNEN**, | : CIVIL ACTION NO. 1:12-CV-1178 |
| | : |
| | : (Chief Judge Conner) |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| **METROPOLITAN EDISON COMPANY,** | : |
| | : |
| **Defendant/Third Party Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| **SCHNEIDER ELECTRIC USA, INC. f/k/a SQUARE D COMPANY,** | : |
| | : |
| **Third Party Defendant.** | : |

# ORDER

AND NOW, this 21st day of August, 2014, upon consideration of defendant Metropolitan Edison Company's ("Met-Ed") motion for reconsideration (Doc. 91), wherein Met-Ed challenges the court's memorandum (Doc. 89) and order (Doc. 90) dated July 16, 2014, denying Met-Ed's motion *in limine* to exclude the testimony of USAA's expert witness, Ronald J. Panunto, P.E., C.F.E.I., C.F.C. (Doc. 56) and

motion for summary judgment (Doc. 58),[1] and the court noting that denial of a motion for summary judgment is an interlocutory order, Bines v. Kulaylat, 215 F.3d 381, 384 (3d Cir. 2000), and that the court may reconsider an interlocutory order whenever it is "consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co., 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007); see also FED. R. CIV. P. 54(b) (An order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."), and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), but that such relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-cv-1530, 2014 U.S. Dist. LEXIS 96521, at *20 (M.D. Pa. July 16, 2014) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Boretsky v. Governor of N.J., 433 F.

---

[1] In its motion *in limine* and motion for summary judgment, Met-Ed asserted that USAA cannot meet its burden of proof as to the negligence claim because Mr. Panunto's expert opinions are not sufficiently reliable under Federal Rule of Evidence 702 to constitute admissible evidence. (Doc. 60 at 4-9). The court concluded that Mr. Panunto's expert testimony is admissible under Federal Rule of Evidence 702 and that USAA set forth sufficient evidence to survive summary judgment on all claims. (See Doc. 89).

App'x 73, 78 (3d Cir. 2011); Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing that Met-Ed bases its motion on arguments identical to or expanding upon those raised in support of its motion *in limine* and motion for summary judgment, and that Met-Ed fails to identify or substantiate a clear error of law in the court's prior decision,[2] and accordingly fails to satisfy the

---

[2] In support of its motion for reconsideration, Met-Ed contends that the court improperly relied on a mistaken premise in finding that Mr. Panunto's opinions satisfy the requirements of Rule 702 and that there is sufficient evidence of breach of a duty of care and wanton misconduct. (Doc. 92 at 2-3). Met-Ed reiterates that evidence of vegetation contact alone is not sufficient for a reasonable jury to infer that Met-Ed failed to adequately perform vegetation management. (Id.)

The court fully contemplated and disposed of this issue in its prior memorandum and order. (Doc. 89 at 23-24). First, the court held that Mr. Panunto's 40 years of experience as an electrical engineer, electric utility, and forensic fire causation expert qualified him to render opinions as to vegetation management related to distribution and transmission lines. (Id. at 12-14). Second, the court noted that an expert's reliability may depend upon personal knowledge or experience in the relevant field or industry. (Id. at 15-16). In this case, Mr. Panunto relied not only upon his own experience with electric utilities, but also considered industry peer-reviewed materials in finding both vegetation contact and inadequate vegetation management. (Id. at 16-20). Third, the court found that "Met-Ed faces a legally cognizable duty to provide safe and reliable electric service." (Id. at 22). In particular, the court considered the standard of care articulated in Rule 218 of the National Electric Safety Code and Met-Ed's Electric Service Tariff. (Id.) Met-Ed now relies upon the regulations of the Pennsylvania Public Utility Commission to emphasize a standard of reasonableness (as opposed to perfect performance) in vegetation management. (Doc. 92 at 4-8). However, the court has already determined that the record evidence is sufficient for a jury to find that Met-Ed's vegetation management was unreasonable. (Doc. 89 at 23-24). Contrary to Met-Ed's assertions, the court did not rely on the premise that evidence of vegetation contact alone is sufficient to infer inadequate vegetation management. Rather, the

exacting standard of review applicable to motions for reconsideration, it is hereby

ORDERED that:

1. Met-Ed's motion for reconsideration (Doc. 91) of the court's memorandum (Doc. 89) and order (Doc. 90) dated July 16, 2014 is DENIED.

2. The request for a certificate of appealability pursuant to 28 U.S.C. § 1292(b) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

court held that evidence of excessive vegetation contact over the course of several years without an appropriate response from Met-Ed supports a finding of both negligence and wanton misconduct in vegetation management. (Id. at 23-24, 26-30).

    Met-Ed cites no judicial authority, binding or otherwise, to support its contention that the court's conclusions were clearly erroneous. Rather, Met-Ed seeks to expand upon arguments previously raised and rejected by the court. It is well-settled that requests for the court to simply rethink a decision it has already made are not proper grounds for a motion for reconsideration. See Douris v. Schweiker, 229 F.Supp. 2d 391, 408 (E.D. Pa. 2002).